**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | |
| | ) **Case No. 1:04-cr-128-23** | |
| **LARRY GOOCH** | ) | |
| | ) | |
| | | |
| | ) | |
| **IN RE: JURY ISSUE** | ) **Case No. 1:07-mc-289** | |
| | ) | |
| | ) | |

**MOTION FOR ORDER TO SHOW CAUSE**

Juror Christine Madison, by and through undersigned counsel, hereby respectfully moves this Honorable Court for the entry of an Order to Show Cause, requiring the District of Columbia and State Superintendent of Education Deborah Gist to appear and show cause why the District of Columbia Office of the State Superintendent of Education did not violate the Jury System Improvements Act, 28 U.S.C. § 1875, and wrongfully discharge Ms. Madison by reason of her jury service. The Court respectfully is referred to Ms. Madison's accompanying Petition and memorandum in support of this Motion.

WHEREFORE, the Motion for Order to Show cause should be granted.

Respectfully submitted,

_____/s/_____
Cary M. Feldman (D.C. Bar No. 202747)
Grace B. Culley (D.C. Bar. No. 486713)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, NW, Second Floor
Washington, D.C. 20036
Phone: 202 • 466 • 8960
Fax: 202 • 973 • 8103

November 5, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November 2007, I caused the foregoing Motion for

Order to Show Cause, memorandum in support thereto, and proposed order to be filed

electronically with the Court, and further caused true and correct copies of the same to be served

upon the following in the manner described below:

<u>Via Certified Mail, Return Receipt Requested</u>
The Honorable Adrian M. Fenty
Mayor of the District of Columbia
1350 Pennsylvania Avenue, NW
John A. Wilson Building
Washington, DC 20004

<u>Via Hand-Delivery</u>
Linda Singer
Attorney General for the District of Columbia
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW
Suite 1060 North
Washington, D.C. 20001

Deborah A. Gist
State Superintendent of Education
District of Columbia Office of the State Superintendent of Education
441 Fourth Street, NW
Suite 350 North
Washington, D.C. 20001


_____/s/_____
Grace B. Culley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. 1:04-cr-128-23** |
| **LARRY GOOCH** | ) |
| | ) |
| | |
| | ) |
| **IN RE: JURY ISSUE** | ) **Case No. 1:07-mc-289** |
| | ) |
| | ) |

## ORDER

Upon consideration of Petitioner Christine Madison's Motion for an Order to Show Cause, the Memorandum in Support thereof, and the Petition of Juror Christine Madison for Relief Pursuant to the Jury System Improvement Act, it is this _____ day of _____, 2007

**ORDERED** that the Motion for an Order to Show Cause is granted; and it is further

**ORDERED** that the District of Columbia and State Superintendent of Education Deborah A. Gist, appear before the Court as set forth below and show cause why they did not violate the Jury System Improvements Act with respect to Petitioner Christine Madison and wrongfully terminate her employment; and it is further

**ORDERED** that Petitioner and Respondents appear at a status hearing in this matter on the _____ day of _____, 2007 at _____ AM/PM in Courtroom _____; and it is further

**ORDERED** that Respondents produce to Petitioner's counsel at or before the status hearing the personnel records of Christine Madison; any other records relating to the hiring, employment and termination of Christine Madison; and records relating to the hiring, employment and termination of any other employees who were originally hired as term

appointees and who worked in the Operations Department of the District of Columbia Office of

the State Superintendent of Education, or its predecessor Agency, from 2006 through the present;

and it is further

**ORDERED** that the parties appear at an evidentiary hearing on the Petition on _____

_____, 200__ at _____ AM/PM in Courtroom _____.


_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. 1:04-cr-128-23** |
| **LARRY GOOCH** | ) |
| | ) |
| | |
| | ) |
| **IN RE: JURY ISSUE** | ) **Case No. 1:07-mc-289** |
| | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE**

Juror Christine Madison, by and through undersigned counsel, hereby respectfully submits this memorandum in support of her Motion for Order to Show Cause:

**I.      Introduction**

As set forth more fully in the accompanying Petition of Juror Christine Madison Pursuant to the Jury System Improvements Act ("Petition"), Ms. Madison was subjected to intimidation and coercion, and ultimately was terminated from employment on pretextual grounds, by the District of Columbia Office of the State Superintendent of Education (the "Agency") in retaliation for her absence from work due to her jury service in the four-month trial of *United States v. Gooch*.  The Agency's actions violated the Jury System Improvements Act, 28 U.S.C. § 1875 (the "Juror Act"), and constituted a wrongfully termination of Ms. Madison, entitling her to, among other relief, immediate reinstatement to employment with the District of Columbia, and an award of back pay and other lost benefits she has suffered as a result of the Agency's unlawful actions.

## II.    Jurisdiction and Authority to Order Show Cause

This Court is empowered to entertain and grant this Motion pursuant to Section 1651(b) of the All Writs Act and Section 1875(d)(1) of the Juror Act. 28 U.S.C. § 1651(d) (a "rule nisi may be issued by a justice or judge of a court which has jurisdiction."); § 1875(d)(1) ("An individual claiming that his employer has violated the provisions of [the Juror Act] may make application to the district court for the district in which such employer maintains a place of business"); s*ee Sumler v. Secretary of Health and Human Services*, 834 F.2d 711, 713 (8th Cir. 1987) ("The use of a show cause order is within the discretion of the district court, *see* 28 U.S.C. § 1651(b)"). United States District Courts have utilized show cause orders to address alleged violations of the Juror Act. *See In re Heritage Propane*, 2007 WL 433290 (E.D. Tenn. 2007); *In re Grand Juror Ronnie Webb*, 586 F. Supp. 1480 (N.D. OH 1984).

## III.    Ms. Madison's Entitlement to Relief

The Juror Act provides that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." 28 U.S.C. § 1875(a). For the reasons set forth in Ms. Madison's Petition, and as will be demonstrated upon a show cause hearing, the Agency violated the Juror Act by intimidating, coercing, and wrongfully discharging Ms. Madison by reason of her four-month jury service in *United States v. Gooch*. *See Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518, 1520, 1526-27 (8th Cir. 1991) (employer-supervisors intimidated or coerced juror-employee in violation of Juror Act by, among other actions, reacting to employee's notification regarding her impending service by stating "Oh, great," and that "he got out of" jury duty once); *Madonia v. Coral Springs Partnership, Ltd.*, 731 F. Supp. 1054, 1055-57 (S.D. Fl. 1990) (employer violated Juror Act by

unfavorably changing employee's working conditions and threatening employee's seniority for missing time away from work due to jury service); *Jones v. Marriot Corp.*, 609 F. Supp. 577, 578-79 (D.D.C. 1985) (employer violated Juror Act by asking employee to postpone jury service until she had accrued vacation leave, and implying that, if she reported for jury service, she might not have a job when she returned).

The Agency asserts that the Juror Act does not apply to it in these circumstances because Ms. Madison was appointed to a thirteen-month term of employment, and her term officially ended on June 14, 2007. *See* Petition at ¶ 25 and Exhibit D thereto. First, the Agency's stated basis for terminating Ms. Madison's employment is pretextual. Her work performance was satisfactory, and the term appointments of the other employees hired around the same time as Ms. Madison apparently all were renewed. *Id*. at ¶¶ 7-8, 21. Among her co-workers, she was the only one who was required to miss work due to jury service, and she is the only one who lost her job. *Id.* at ¶ 21; *see also In re Grand Juror Ronnie Webb*, 586 F. Supp. at 1481 (employer violated Juror Act by discharging juror-employee on a pretext, where employee's jury service was disruptive to business, and "there was no thought of discharge of Webb until he became a grand juror, and until that time he was doing very well in the company").

Second, while Congress did not define the term "permanent employee" in the Juror Act, and the legislative history of the statute does not provide insight into the intent behind this language, the Juror Act can, and should, reasonably be interpreted to apply to the Agency under these circumstances. Legal commentators have interpreted "permanent" employees with respect to the Juror Act to mean regular, part-time or full-time employees. *See* Karen E. Ford, *et al.*, Fundamentals of Employment Law 346-47 (American Bar Association, Tort & Insurance Practice, 2d ed. 2000). Ms. Madison was a regular, full-time Agency employee. Petition at ¶ 6.

3

The fact that she was hired for a renewable, thirteen-month term should not exclude her from the protections of the Juror Act, nor exempt the Agency from its duty to comply with the statute. *C.f. Rankin v. McPherson*, 483 U.S. 378, 383-84 (1987) ("Even though McPherson was merely a probationary employee, and even if she could have been discharged for any reason or for no reason at all, she may nonetheless be entitled to reinstatement if she was discharged for exercising her constitutional right[s]"); *Perry v. Sinderman*, 408 U.S. 593, 596- 98 (1972) (even though a government employee may have no per se "right" to renewal of a one-year employment contract, and even though the government may deny such renewal "for any number of reasons, there are some reasons upon which the government may not rely," such as retaliation for the employee's exercise of constitutional rights); *Hinchey v. NYNEX Corp.*, 144 F.3d 134, 145 (1st Cir. 1998) (recognizing public policy exception under Massachusetts law to employment-at-will doctrine where employees are discharged in retaliation for jury service); *Smetts v. Whiteford Systems, Inc.*, 1990 WL 299250, * 6 (W.D. Mich. 1990) (same, Michigan law); *Hodges v.  S. C. Toof & Co.*, 833 S.W. 2d 896, 899 (Tenn. 1992) (same, Tennessee law); *Call v. Scott Brass, Inc.*, 553 N.E. 2d 1225, 1229 (Ind. App. 1990) (same, Indiana law).

Indeed, while the legislative history of the Juror Act may not shed light on the term "permanent employee," it does make clear Congress' goal in ensuring maximum employment protection for federal jurors:

> This bill would also accord statutory protection to the employment status of federal jurors during the period of jury service.  At the present time, an employer who is hostile to the idea of jury duty, or who believes that the interests of his business outweigh the obligation for jury service imposed by law, may threaten or harass his employees to encourage their avoidance of such service or may even dismiss them from employment if they are required to assume leave status for this purpose.  It is now difficult for the courts to respond effectively to such employer tactics . . .

The proposed legislation would provide statutory employment protection to federal jurors by adding a new Section 1875 to Title 28 and by giving the District Courts jurisdiction over legal actions by aggrieved employee-jurors to redress their rights. The enactment of this provision would be desirable in redressing the present disparity of bargaining position between a harassing employer and his employee who is summoned for jury duty in federal court. H.R. Rep. No. 95-1652, at 7 (1978).

In construing this legislative history, one U.S. District Court held: "it is clear that the provisions of 28 U.S.C. § 1875 must be strictly enforced, and no employer can be immune from its strict requirements. Otherwise, employees could be threatened, demoted, coerced, and intimidated because of jury service, and were this to happen our entire jury system would be in jeopardy." *In re Grand Juror Ronnie Webb*, 586 F. Supp. at 1484-85.

WHEREFORE, the Motion for Order to Show cause should be granted.

Respectfully submitted,


_____/s/_____
Cary M. Feldman (D.C. Bar No. 202747)
Grace B. Culley (D.C. Bar. No. 486713)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, NW, Second Floor
Washington, D.C. 20036
Phone: 202 • 466 • 8960
Fax: 202 • 973 • 8103


November 5, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:04-cr-128-23** |
| **LARRY GOOCH** | ) | |
| | ) | |
| | | |
| | ) | |
| **IN RE: JURY ISSUE** | ) | **Case No. 1:07-mc-289** |
| | ) | |
| | ) | |

## PETITION OF JUROR CHRISTINE MADISON
## <u>PURSUANT TO THE JURY SYSTEM IMPROVEMENTS ACT</u>

Pursuant to the Jury System Improvements Act, 28 U.S.C. § 1875 ("Juror Act"), Juror

Christine Madison, by and through undersigned counsel, hereby respectfully petitions this

Honorable Court for an Order: reinstating her to employment with the District of Columbia;

awarding her back wages and other benefits she has lost as a result of the District of Columbia

Office of the State Superintendent of Education's (the "Agency's") actions in intimidating,

coercing and wrongfully discharging her by reason of her jury service; enjoining the Agency

from further violations of the Juror Act as to her; imposing a civil fine upon the Agency;

awarding her attorney's fees and costs, as appropriate; and granting such other relief as the Court

deems just and proper.

**Introduction/Nature of Petition**

1.     Ms. Madison is a former employee of the Agency.  During her employment, she fulfilled an important obligation of citizenship by serving as a juror in this Court on the four-month, death-penalty trial of *United States v. Gooch* (Case No. 1:04-cr-128-23).  When she first notified the Agency regarding both her jury summons, and eventual selection, she was subjected to intimidation and coercion by her supervisor.  Her jury service required her to miss substantial time away from work.  When she was able to be present in the workplace, she was treated with increased hostility and resentment.  In the midst of her jury duty, the Agency discharged her from employment on the pretextual ground that it was not renewing her employment "term."  The Agency's actions in intimidating, coercing, and discharging Ms. Madison by reason of her jury service violated the Juror Act and constituted an illegal and wrongful termination.   Accordingly, she is entitled to the relief sought herein.

**Jurisdiction**

2.     This Court has jurisdiction to consider and rule upon this Petition pursuant to Section 1875(d)(1) of the Juror Act. ("An individual claiming that his employer has violated the provisions of [the Juror Act] may make application to the district court for the district in which such employer maintains a place of business").

**Relevant Parties**

3.     Ms. Madison is 59 years of age, a resident of the District of Columbia, and a former employee of the Agency.

4.     The Agency, formerly known as the District of Columbia State Education Office, is located at 441 Fourth Street, NW, Suite 350 North, Washington, D.C. 20001.  The State Superintendent of Education is, and was at all relevant times, Deborah A. Gist.  Ms. Madison's

immediate supervisor throughout her employment with the Agency was Dr. Jo Ann Smoak, Director of Operations.

## Factual Background

### Ms. Madison's Employment with the D.C. Government

5.      From approximately 1984 to 2001, Ms. Madison was employed as a dental assistant for the District of Columbia General Hospital ("D.C. General").  For 12 of those 17 years, she served as a supervisor.  In that capacity, she oversaw a number of employees and handled a substantial administrative workload.  Her personnel record at D.C. General was exemplary.

6.      Following the closure of D.C. General, Ms. Madison held various positions in the private sector.  She also took some time away from work to care for a sick, loved one.  On or around May 15, 2006, she was hired by the Agency as a full-time employee, for an approximate thirteen-month "term appointment" as a Staff Assistant in its Operations Department ("Operations").  Her job responsibilities included, among other duties, administering employees' time and attendance paperwork, processing payment for various types of invoices, ordering office supplies, and coordinating facilities-management needs.

7.      At or about the time the Agency hired Ms. Madison, approximately four other employees also were hired to work in Operations.  On information and belief, those employees, like Ms. Madison, were hired into their positions as "term appointments."  Dr. Smoak, Director of Operations, communicated to Ms. Madison and the other hired employees that it was very rare for the Agency not to renew a term appointment, and that their appointments would be renewed so long as they performed their job duties satisfactorily.

8.      Ms. Madison received a 2006 job-performance evaluation, whereupon Dr. Smoak informed her that she had carried out her Staff Assistant job responsibilities satisfactorily.

**Agency Coercion and Intimidation in Connection with Ms. Madison's Juror Service**

9.      On or around January 7, 2007, Ms. Madison received a summons for jury service, indicating that she could be selected to serve as a juror in this Court for a four – six month, death-penalty trial.  She promptly provided Dr. Smoak with a copy of the summons.  In response, Dr. Smoak stated that State Superintendent of Education Deborah Gist could not use Ms. Madison if she were absent from work for such a time period.  She also made suggestions to Ms. Madison about how she might avoid being selected as a juror.

10.     Ms. Madison ultimately was selected as a juror and ordered by this Court to appear for the first day of trial in or around February 2007.  When she notified Dr. Smoak regarding her selection, Dr. Smoak informed her that the Agency was entering into a hectic transition period with its impending merger into the D.C. school system, that everyone's job duties in Operations would be increased, and that Operations could not afford to do without each of its employees during such a critical and busy time.

11.     Ms. Madison's jury service lasted from on or around February 7, 2007 until on or around June 6, 2007.

12.     During approximately the first three months of jury service, Ms. Madison was required to be in Court most Mondays through Thursdays.  Consequently, during that time period, she only was able to work at the Agency on Fridays.  She diligently reported to work on those days and performed whatever tasks had been assigned to her.

13.     Although Ms. Madison was told that her workload would be divided up among her co-workers, in fact, for the first several weeks of her jury duty, this did not occur.  She

essentially was required to perform as much of her weekly workload as she could on the one

Friday she was able to be in the office.  Over time, however, some of her responsibilities were

absorbed by her co-workers.

14.     As Ms. Madison continued to report to the Agency on Fridays, she was treated

with increased hostility and resentment in the workplace.

15.     At one point during her jury service, Ms. Madison came to work on a Friday to

find a former Operations' Staff Assistant, Marcia Proctor, sitting at her desk.  Ms. Proctor

informed Ms. Madison that she had been detailed back to Operations while Ms. Madison was

performing jury duty.  Dr. Smoak offered little or no guidance as to how they should split the

workload. When Ms. Madison came to work thereafter, she shared desk space with Ms. Proctor

and essentially functioned as her assistant.

16.     Beginning in or around early May 2007, *United States v. Gooch* entered into the

jury deliberation and penalty phases, which required Ms. Madison to regularly report to Court

five days of the week.  As such, she had no choice but to often miss work each day of the

workweek.

### The Agency's Wrongful Termination of Ms. Madison's Employment
### in the Midst of Her Jury Service

17.     On or around May 25, 2007, when Ms. Madison still was serving on the jury, Dr.

Smoak provided Ms. Madison with a letter informing her that the Agency was discharging her

"due to the expiration of [her] term appointment" as a Staff Assistant.  *See* Exhibit A, attached

hereto.

18.     On or around May 25, 2007, Dr. Smoak spoke with Ms. Madison about her

termination.  She explained that, during the Agency's transition period, everyone's job

responsibilities in Operations would continue to increase.  Dr. Smoak told Ms. Madison that she

had elected not to renew her term appointment because she did not believe that Ms. Madison could contribute to the Agency, nor keep pace with her co-workers' workload.  Dr. Smoak also stated that, after the Agency's transition, and after she completed her jury service, Ms. Madison could visit her about re-employment in Operations.  In the meantime, Dr. Smoak offered to assist her in securing other employment by providing her with a favorable job reference.

19.    Ms. Madison's last day of work at the Agency was on or around June 14, 2007.

20.    Despite diligent efforts, Ms. Madison has been unable to secure other employment since the Agency terminated her.

### Disparate Treatment of Ms. Madison and Non-Juror Employees

21.    On information and belief, the Agency renewed the term appointments of the other employees who were hired into Operations on or around around the same time as Ms. Madison.  On further information and belief, none of those employees were serving jury duty during the time period in which Ms. Madison was fulfilling her jury service in *United States v. Gooch.*

### Ms. Madison's Unsuccessful Efforts Towards Resolution with the Agency

22.    Upon her termination, Ms. Madison provided Dr. Smoak, Ms. Gist, and Pat McCreary (Agency Human Resources), with a copy of a letter from the Honorable Rosemary M. Collyer, in which Judge Collyer thanked Ms. Madison for her jury service and advised her regarding her employment protections under the Juror Act. *See* Exhibit B, attached hereto. Along with Judge Collyer's letter, Ms. Madison submitted her own letter notifying the Agency that she believed the loss of her job was a direct result of her lengthy, and obligatory, jury service.  The Agency never responded to these letters.

23.     On July 7, 2007, this Court appointed the undersigned to represent Ms. Madison in this matter pursuant to Section (d)(1) of the Juror Act. Dkt. No. 1.

24.     On August 3, 2007, undersigned counsel sent a letter to Dr. Smoak on behalf of Ms. Madison, notifying her that the Agency had violated the Juror Act and that, accordingly, Ms. Madison was entitled to immediate reinstatement and damages for lost wages and benefits. *See* Exhibit C, attached hereto.

25.     On August 10, 2007, Ms. Gist responded in writing to counsel's August 3, 2007 letter, advising that the Juror Act "does not apply" to the Agency because Ms. Madison was a term-appointment employee whose term officially ended on June 14, 2007. *See* Exhibit D, attached hereto.

## The Juror Act

26.     The Juror Act prohibits employers from discharging, threatening to discharge, intimidating, or coercing permanent employees by reason of their federal jury service. 28 U.S.C. § 1875(a).

27.     An employer who violates the Juror Act: "(1) shall be liable for damages of wages or other benefits suffered by an employee by reason of such violation; (2) may be enjoined from further violations of this section and ordered to provide other appropriate relief, including but not limited to the reinstatement of the employee discharged by reason of his jury service; and (3) shall be subject to a civil penalty of not more than $1,000 for each violation as to each employee." § 1875(b).

28.     An employee who is reinstated to employment in accordance with the Juror Act "shall be reinstated to his position of employment without loss of seniority, and shall be entitled to participate in insurance and other benefits offered by the employer pursuant to established

rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such individual entered upon jury service." § 1875(c).

29.    A prevailing employee in an action brought pursuant to the Juror Act may be awarded reasonable attorney's fees as part of the costs. § 1875(d)(2). The Court may tax a defendant employer, as costs payable to the Court, attorney's fees and expenses incurred on behalf of a prevailing employee, where such costs were expended by the Court pursuant to Section (d)(1) of the Juror Act. *Id.*

30.    The Agency violated the Juror Act by intimidating, coercing, and discharging Ms. Madison from employment by reason of her jury service. A Motion for Order to Show Cause is filed simultaneously with this Petition.

### Relief Requested

WHEREFORE, Ms. Madison respectfully requests that the Court issue an Order:

1.    Reinstating her to employment with the District of Columbia in the same or comparable position she held with the Agency;

2.    Awarding her back wages and other benefits she has lost since she was terminated from employment;

3.    Enjoining the Agency from further violations of the Juror Act as to her;

4.    Imposing a civil fine upon the Agency in accordance with Section (b)(3) of the Juror Act;

5.    Awarding Ms. Madison reasonable attorney's fees and costs, as appropriate; and

6.    Granting such other relief as the Court deems just and proper.

WHEREFORE, the Petition of Juror Christine Madison Pursuant to the Jury System

Improvements Act should be granted.

Respectfully submitted,


_____/s/_____
Cary M. Feldman (D.C. Bar No. 202747)
Grace B. Culley (D.C. Bar. No. 486713)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, NW, Second Floor
Washington, D.C. 20036
Phone: 202 • 466 • 8960
Fax: 202 • 973 • 8103


November 5, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November 2007, I caused the foregoing Petition of

Juror Christine Madison Pursuant to the Jury System Improvements Act to be filed electronically

with the Court, and further caused a true and correct copy of the same to be served upon the

following in the manner described below:

Via Certified Mail, Return Receipt Requested
The Honorable Adrian M. Fenty
Mayor of the District of Columbia
1350 Pennsylvania Avenue, NW
John A. Wilson Building
Washington, DC 20004

Via Hand-Delivery
Linda Singer
Attorney General for the District of Columbia
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW
Suite 1060 North
Washington, D.C. 20001

Deborah A. Gist
State Superintendent of Education
District of Columbia Office of the State Superintendent of Education
441 Fourth Street, NW
Suite 350 North
Washington, D.C. 20001

_____/s/_____
Grace B. Culley

ONE JUDICIARY SQUARE
441 4th STREET NW
SUITE 350 NORTH
WASHINGTON, DC  20001



**DISTRICT OF COLUMBIA**
**State Education Office**

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**

PHONE: (202) 727-6436
FAX : (202) 724-2019
TTY: (202) 727-1675
www.seo.dc.gov

May 25, 2007

Dear Ms. Madison,

In accordance with Chapter 8, Personnel Regulations 826 of the District Personnel Manual, this informs you of your separation from the position of Staff Assistant, DS 301-09, in the State Education Office, due to the expiration of your term appointment.  You were appointment to this position on May 15, 2006.  Your term appointment expiration date is June 14, 2007.

The employment of an individual under a term appointment shall end on the expiration date of the appointment and your separation from District of Columbia government service will be effective close of business, June 14, 2007.

You must immediately return all building keys, office keys, security badge(s), pass cards(s), cell phone, and any and all government property issued to you.  This include all District of Columbia government paper-based or computer-based documents contained on computer disks, hard drives, storage drives and on any other type of electronic media.

Please be advised that the District of Columbia Government Comprehensive Merit Personnel Act of 1978 (D.C. Official Code 1-601.01 et seq.) has no administrative appeal provisions for employees separated upon expiration of their term appointment.

Thank you for your District government service.

Sincerely,

Jon Ann Smoak
Director of Operations



**United States District Court
for the District of Columbia
Washington, D.C. 20001**

Chambers of
Rosemary M. Collyer
United States District Judge

June 12, 2007

Christine Madison
5218 Twelfth Street, N.E.
Washington, D.C. 20011

Re: Jury Service for *United States v. Gooch*, Criminal Case No. 04-128-23

Dear Ms. Madison:

This letter confirms that you have diligently served as a juror in an extensive criminal trial, *United States v. Gooch*, Criminal Case No. 04-128-23, from February 7, 2007, through June 6, 2007. This Court and the District of Columbia depend upon citizens like you to serve as jurors in extended cases, often at considerable inconvenience to themselves and their employers.

To satisfy each defendant's constitutional right to trial by jury, citizens must be ready and willing to serve a jurors. In recognition of the important service these citizens provide, the law protects jurors from retaliation by employers who are dissatisfied with an employee for serving as a juror. Title 28 of the United States Code provides than an employer will be liable for damages and penalties for taking any adverse employment action against an employee because of her jury service. 28 U.S.C. § 1875. Furthermore, a juror who wishes to bring legal action against an employer or former employer for violating Title 28 may be appointed an attorney by this Court. 28 U.S.C. § 1875(d).

Thank you for fulfilling the very important duty of jury service.

Regards,

Rosemary M. Collyer
U.S. District Judge

WASHINGTON | VIRGINIA | MARYLAND

**FELDESMAN
TUCKER
LEIFER
FIDELL LLP**

CARY M. FELDMAN
caryf@ftlf.com

GRACE B. CULLEY
gculley@ftlf.com

August 3, 2007

***VIA FEDERAL EXPRESS***

Jo Ann Smoak
Director of Operations
District of Columbia
  Office of the State Superintendent of Education
441 4th Street NW
Suite 350 North
Washington, D.C. 20001

     Re:    **Christine Madison**

Dear Ms. Smoak:

     We are writing on behalf of our client, Christine Madison, a former employee with the District of Columbia State Education Office, now the Office of the State Superintendent of Education (the "Agency"), who worked directly under you from May 2006 until June 2007, when she was discharged from employment. As you are aware, while Ms. Madison was in the midst of serving as a juror on a lengthy, federal criminal trial, you terminated her employment on the purported ground that her term appointment was expiring. As set forth in greater detail below, your actions violated the Jury System Improvements Act, 28 U.S.C. § 1875. Pursuant to that statute, she is entitled to immediate reinstatement and damages for lost wages and benefits.

     Before working at the Agency, Ms. Madison was employed for 17 years as a dental assistant at D.C. General Hospital. After a brief hiatus following the closure of D.C. General, she was hired by the Agency in May 2006 as a Staff Assistant in its Operations Department ("Operations"). Approximately seven months after Ms. Madison was hired, she received a summons for jury service in the U.S. District Court for the District of Columbia. She promptly provided you with a copy of the summons, which indicated that she could be selected to serve as a juror on a 4 – 6 month, death-penalty trial. You encouraged her to try to avoid being selected. In the end, she was selected as a juror and was ordered by the court to appear for the first day of trial on February 7, 2007. When she notified you regarding her selection, you expressed your dissatisfaction with this development, noting the Agency's impending merger into the D.C. school system.

     Ms. Madison's jury service lasted until June 6, 2007. During approximately the first three months of that service, when she was required to be in court Mondays through Thursdays,

FELDESMAN TUCKER LEIFER FIDELL LLP

Jo Ann Smoak
August 3, 2007
Page 2

Ms. Madison only was able to work at the Agency on Fridays. She diligently reported to work on those days and performed whatever tasks had been assigned to her. Around May 2007, the jury on which Ms. Madison was sitting entered into the deliberations phase, usually requiring her to be in court five days a week. Thereafter, Ms. Madison had no choice but to often miss work each day of the workweek.

On May 25, 2007, while she was in the midst of her jury service, you provided Ms. Madison with a letter informing her that the Agency was discharging her "due to the expiration of [her] term appointment" as a Staff Assistant.[1] On or around that same day, you spoke with Ms. Madison about your decision not to renew her employment term. You discussed the Agency's busy transition period and your expectation that everyone's job responsibilities in Operations would continue to increase. You offered to assist Ms. Madison during her search for other employment by providing her with a favorable job reference.

Upon her termination, Ms. Madison provided you, Deborah Gist, and Pat McCreary with a copy of a letter from U.S. District Court Judge Rosemary M. Collyer, wherein the Judge thanked Ms. Madison for her jury service and advised her regarding her employment protections as a federal juror.[2] Along with the letter from Judge Collyer, Ms. Madison submitted her own letter to the Agency, grieving that that she had been terminated from employment while serving on jury duty. Neither you, nor any other Agency official, have responded to these letters.

Your actions in discharging Ms. Madison from employment violated the Jury System Improvements Act, 28 U.S.C. § 1875, which prohibits employers from taking adverse employment actions against employees by reason of their federal jury service. It is clear from your comments to Ms. Madison that your decision not to renew her term appointment related to her unavailability due to her juror service. There appears to have been no other basis for her termination. Indeed, Ms. Madison had been an exemplary D.C. government employee for 18 years. During her short time with the Agency, she received a satisfactory performance evaluation, and had no disciplinary record. As a further testament to her value and competence as an employee, you even offered to provide her with a favorable job reference during her search for other employment.

In sum, your decision to discharge Ms. Madison from employment for fulfilling an important obligation of citizenship was unlawful. Her termination also has caused, and will continue to cause, her to suffer financial hardship. Despite her diligent efforts, she has been unable to secure other employment. Her age (59) does not improve her prospects for reemployment.

---

[1] Attached hereto at Exhibit A.
[2] Attached hereto at Exhibit B.

FELDESMAN TUCKER LEIFER FIDELL LLP

Jo Ann Smoak
August 3, 2007
Page 3


Ms. Madison is entitled to enforce her rights under 28 U.S.C. § 1875 in federal court. However, such action can be avoided if the Agency immediately reinstates Ms. Madison into the same or comparable position as that of Staff Assistant, and pays her all wages and benefits she would have received had she not been terminated.

We would like to meet with you and any other appropriate Agency official(s) to further discuss the matters addressed herein. Please contact us on or before August 17, 2007. While we hope we can reach a resolution without proceeding in federal court, if we do not hear from you by that date, we promptly will bring this matter to the attention of the U.S. District Court for the District of Columbia.

We look forward to hearing from you.

Sincerely yours,

Cary M. Feldman
Grace B. Culley


Enclosures

cc:    Adrian Fenty, Mayor of the District of Columbia
       Deborah Gist, State Superintendent of Education for the District of Columbia
       Pat McCreary, District of Columbia Department of Human Resources
       Christine Madison

ONE JUDICIARY SQUARE
441 4th STREET NW
SUITE 350 NORTH
WASHINGTON, DC  20001

★★★
D I S T R I C T   O F   C O L U M B I A
Office of the State Superintendent of Education

PHONE: (202) 727-6436
FAX : (202) 724-2019
TTY: (202) 727-1675
www.osse.dc.gov

COPY

August 10, 2007

Cary M. Feldman
Grace B. Culley
Feldesman Tucker Leifer Fidell LLP
2001 L. Street, N.W., Second Floor
Washington, DC 20036

**RE:   Christine Madison**

Dear Cary M. Feldman and Grace B. Culley:

The District of Columbia Office of the State Superintendent of Education ("OSSE") is in receipt of your letter to Dr. Jo Ann Smoak, Director of Operations, dated August 3, 2007 regarding the OSSE's former employee, Ms. Christine Madison.  You state, on behalf of Ms. Madison, that she was "discharged" from her employment with the District, pursuant to the enclosed letter dated May 25, 2007 to Ms. Madison from Dr. Smoak, and that this "discharge" was made because of Ms. Madison's jury service, in violation of the Jury System Improvements Act, 28 U.S.C. §1875 ("the Act").  The Act, in relevant part provides:

> "No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance, in connection with such service, in any court in the United States".

You also request, on behalf of Ms. Madison that the OSSE immediately reinstate Ms. Madison into the same or comparable position as that of Staff Assistant, and to pay her all wages and benefits she would have received had she not been "terminated".

In response to your request, please be advised that Ms. Madison was not "discharged" or "terminated" from her position, rather her term appointment officially ended on June 14, 2007 and was not renewed.  Term appointments pursuant to Chapter 8, Sections 823 and 826 of the District of Columbia Personnel Manual, and current Supreme Court decisions (*Board of Regents v. Roth*, 408 U.S. 564 (1972); *Perry v. Sinderman*, 408 U.S. 593 (1972)) are not required to be renewed once they have officially ended.

Accordingly, the Jury System Improvements Act, 28 U.S.C. §1875, does not apply to the OSSE because Ms. Madison was not "discharged" or "terminated" from her employment however her term appointment officially ended on June 14, 2007, and was not renewed.  Additionally, no statements were made in the enclosed May 25, 2007 letter regarding her employment.

Sincerely,

DEBORAH A. GIST
State Superintendent of Education

**Enclosure**