IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:04-cr-128-23 |
| LARRY GOOCH ) | |
| ) | |
| ) | |
| IN RE: JURY ISSUE ) | Case No. 1:07-mc-289 |
| ) | |

**REPLY MEMORANDUM TO DISTRICT OF COLUMBIA'S
OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE**

Petitioner Christine Madison, by and through undersigned counsel, hereby respectfully submits this reply memorandum to the District of Columbia's opposition to her Motion for Order to Show Cause ("Opposition"):

**The Use of a Show Cause Order is a Procedurally Proper Vehicle
to Address Ms. Madison's Juror Act Claim**

The use of a show cause order is an appropriate mechanism for this Court to consider Ms. Madison's Jury System Improvements Act ("Juror Act") claim. Contrary to the District's assertions in its Opposition, show cause orders regularly are utilized by courts to address non-emergency matters[1] and, further, there is nothing in the Juror Act which precludes this Court from hearing Ms. Madison's claim on this basis. Indeed, the Juror Act provides that "[a]n

---

[1] *See, e.g., Qualls v. Regional Transp. Dist.*, 516 U.S. 804 (1995) (show cause order utilized to address attorney's failure to comply with prior court order); *Bonacci v. Commissioner IRS*, 1992 WL 360559 (D.C. Cir. 1992) (show cause order directed to party to show why lower court's dismissal of complaint should not be summarily affirmed); *Cobell v. Norton*, 226 F. Supp. 2d 175 (D.D.C. 2002) (motion for order to show cause granted, requiring government officials to show cause why they had not violated a prior court order prohibiting retaliation against government employees in connection with case); *Huskey v. Quinlan*, 1991 WL 247836 (D.D.C. 1991) ("In dealing with prisoner complaints, courts frequently employ the Order to Show Cause device because this speeds up the bureaucratic process and affords a prompt resolution of the case for both Plaintiff and Defendants."); *In re Lesick*, 2007 WL 3355655 (Bankr. D.D.C. 2007) (show cause order utilized, requiring parties to show cause why proceeding should not be dismissed).

individual claiming that his employer has violated . . . [the Juror Act] may make application to the district court for the district in which such employer maintains a place of business and the court shall, upon finding probably merit in such claim, appoint counsel to represent such individual *in any action in the district court necessary* to the resolution of such claim." 28 U.S.C. § 1875(d)(1) (emphasis added).

The District makes much of the fact that, in support of her Motion for Order to Show Cause ("Motion"), Ms. Madison only cites to two cases wherein courts have utilized show-cause orders to address Juror Act violations, and that those are the only two Juror Act cases where show cause orders have been so utilized. *See* Opposition at 3, fn. 2. However, in the very next paragraph, the District also notes, correctly, that there is "scant" Juror Act case law. *Id.* at 4. The District cannot have it both ways. The fact that there is a paucity of Juror Act case law, but that at least two other courts in different jurisdictions have deemed a show cause order an appropriate procedure by which to apply to the District Court to address Juror Act violations, supports Ms. Madison's request that the Court consider her claim through the same procedural vehicle. Of note, the District has not cited any case law where a motion to show cause was held to be an inappropriate mechanism for consideration of Juror Act claims.

**The Juror Act Can, and Should, Reasonably Be Interpreted to Apply in the Instant Case**

The District's narrow reading of the protections afforded under the Juror Act is not consistent with the legislative history and spirit of the Act. *See* Memorandum in Support of Motion at 3-5. Taken to its logical conclusion, the District's position is that it can retaliate against, threaten, coerce, and terminate any District employee by reason of their federal jury service, so long as the employee has been hired for a temporary or fixed term of employment. In passing the Juror Act, Congress could not have intended to carve out such a gaping exception to

the Act's otherwise broad protections.  Moreover, Congress never defined permanent employee in the Juror Act; however, for the reasons argued in Ms. Madison's memorandum in support of her Motion, it appears that Congress intended the protections of the Act to extend to full-time, regular employees, but not to part-time employees, independent contractors, other non-fulltime employees, and the like. *Id.*

Moreover, the two Juror Act cases cited by the District in its Opposition are distinguishable and in fact do not support the District's argument in many respects.  The plaintiff in *McMahon v. Hewlett-Packard Co.*, unlike Ms. Madison, was fired from employment after having misused a corporate credit card, received two unsatisfactory employment evaluations, and failed to comply with a formal performance improvement plan. 2006 WL 753237, *1.  In *Shaffer v. ACS Government Services, Inc.*, the District Court in Maryland denied the employer's motion for summary judgment, finding that the plaintiff had made out a prima facie case of retaliatory discharge based on his juror service and, further, that he had put forth sufficient evidence to show that the employer's explanation for terminating him was "unworthy of credence," or pretextual. 454 F. Supp. 2d 330, 334-37.  That case subsequently was resolved after the employer made a $70,000 offer of judgment to the plaintiff, which he accepted.  *See* PACER Dkt. Nos. 148-49.  Like the plaintiff in *Shaffer*, Ms. Madison has proffered sufficient evidence at this stage of the proceedings (i.e., for purposes of granting an evidentiary hearing) to show that the Agency's stated reason for terminating her employment was pretextual, and that its actions violated the Juror Act.[2]  *See* Madison Petition at ¶¶ 8-10, 14, 17-18.

---

[2] The District's reliance on the fact that Ms. Madison's term appointment "expired" after the conclusion of her jury service has no relevance to her claim. *See* Opposition at 4. The decision not to renew her term appointment was made and communicated to her in May 2007 while she was in the midst of the jury deliberation and death penalty phases of the trial, which was when she was required to miss the most time away from work.

3

In sum, Ms. Madison's Motion and Petition should be heard by the Court, and considered with the benefit of a more developed record and a fuller, factual context that a hearing would provide.[3]

WHEREFORE, and for the additional reasons set forth in the underlying Motion and Petition, the Motion for Order to Show cause should be granted.

Respectfully submitted,

   /s/ Cary M. Feldman
Cary M. Feldman (D.C. Bar No. 202747)
Grace B. Culley (D.C. Bar. No. 486713)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, NW, Second Floor
Washington, D.C. 20036
Phone: 202 • 466 • 8960
Fax: 202 • 973 • 8103

November 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November 2007, I caused a true and correct copy of the foregoing Reply Memorandum to District of Columbia's Opposition to Motion for Order to Show Cause to be to be served upon all counsel of record via the Court's electronic filing system.

   /s/ Grace B. Culley
Grace B. Culley

---

[3] The remainder of the District's arguments, wherein it mainly cites to case law involving claims by government employees alleging constitutional violations, are inapplicable to the case at bar in so far as Ms. Madison has not asserted any constitutional claims. Unlike the majority of the cases cited by the District, the issue to be decided here is not whether Ms. Madison had a property or liberty interest in continued employment, or whether she was deprived of due process before she was terminated from employment. Rather, the issues presented here are whether the Agency wrongfully discharged Ms. Madison and took unlawful actions in violation of Ms. Madison's *statutory* rights pursuant to the Juror Act.