UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE: JURY ISSUE | ) | Civil Action No. 07-mc-289 (RMC) |
| | ) | |
| | ) | |
| | ) | |

ANSWER

Pursuant to Fed. R. Civ. P. 7(a) and 8(b), the District of Columbia, the D.C. Office of the State Superintendent of Education, and D.C. State Superintendent of Education Deborah Gist, (collectively, "Respondents" or "the District"), by and through undersigned counsel, herein respectfully answer the Petition of Juror Christine Madison Pursuant to the Jury System Improvements Act ("Petition") in the above-captioned case (comprising nine pages, and 38 numbered and unnumbered paragraphs). For ease of reference only, the District utilizes the headings appearing in the Petition in responding to the paragraphs of the Petition below.

FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted against the District.

SECOND DEFENSE

In response to the numbered allegations of the Petition, the District states as follows:

**PETITION OF JUROR CHRISTINE MADISON
PURSUANT TO THE JURY SYSTEM IMPROVEMENTS ACT**

The allegations in the unnumbered paragraph following this heading are petitioner's legal conclusions to which no answer is required.

**Introduction/Nature of Petition**

1. The District admits the allegations in the first sentence of paragraph 1 of the Petition.

The allegations in the second sentence of paragraph 1 of the Petition are petitioner's factual characterizations to which no answer is required; however, to the extent a response is required, the District admits that petitioner served as a juror on the referenced trial. The District denies the allegations in the third sentence of paragraph 1. The District admits the allegations in the fourth sentence of paragraph 1. The District denies the allegations in the fifth and sixth sentences of paragraph 1. The allegations in the remaining sentences of paragraph 1 are petitioner's legal conclusions; however, to the extent a response is required, the District denies the allegations.

### Jurisdiction

2. The allegations in paragraph 2 of the Petition are petitioner's legal conclusions to which no answer is required.

### Relevant Parties

3. The District admits the allegations in paragraph 3 of the Petition.

4. The District admits the allegations in paragraph 4 of the Petition, and avers that OSSE is non *sui-juris*.

### Factual Background

### Ms. Madison's Employment with the D.C. Government

5. The allegations in paragraph 5 of the Petition are petitioner's factual characterizations and legal conclusions to which no answer is required, as they are irrelevant to the instant matter.

6. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the first two sentences of paragraph 6 of the Petition. The District admits the remainder of the allegations in paragraph 6.

7. The District denies the allegations in paragraph 7 of the Petition.

8. The District denies the allegations in paragraph 8 of the Petition.

**Agency Coercion and Intimidation in Connection with Ms. Madison's Juror Service**

9. The District admits the allegations in the first two sentences of paragraph 9 of the Petition. The District denies the remaining allegations in paragraph 9.

10. The District admits the allegations in the first sentence of paragraph 10 of the Petition. The District denies the remaining allegations in paragraph 10.

11. The District admits the allegations in paragraph 11 of the Petition.

12. The District admits the allegations in the first two sentences of paragraph 12 of the Petition. The allegations in the third sentence of paragraph 12 are petitioner's factual characterizations to which no answer is required.

13. The District denies the allegations in paragraph 13 of the Petition, and avers that most of petitioner's "responsibilities were absorbed by her co-workers" almost immediately.

14. The District denies the allegations in paragraph 14 of the Petition.

15. The allegations in paragraph 15 are petitioner's factual characterizations to which no answer is required; however, to the extent a response is required, the District admits only that Ms. Proctor was "detailed back to Operations" to assist in the work there.

16. The allegations in paragraph 16 are petitioner's factual characterizations to which no answer is required; however, to the extent a response is required, the District admits the allegations.

**The Agency's Wrongful Termination of Ms. Madison's Employment
in the Midst of Her Jury Service**

17. The allegations in paragraph 17 are petitioner's factual and legal conclusions to which no answer is required. The referenced letter is the best evidence of its content.

18. The District admits the allegations in the first sentence of paragraph 18. The District denies the allegations in the second, third, and fourth sentences of paragraph 18. The District admits the allegations in the fifth sentence of paragraph 18.

19. The District admits the allegations in paragraph 19 of the Petition.

20. The allegations in paragraph 20 are petitioner's legal conclusions or factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

### Disparate Treatment of Ms. Madison and Non-Juror Employees

21. The District denies the allegations in paragraph 21 of the Petition.

### Ms. Madison's Unsuccessful Efforts Towards Resolution with the Agency

22. The District admits that it received the referenced documents, which are the best evidence of their content, but denies the remainder of the allegations in paragraph 22.

23. The District admits the allegations in paragraph 23 of the Petition.

24. The District admits that it received the referenced letter, which is the best evidence of its content.

25. The District admits that it sent the referenced letter, which is the best evidence of its content.

### The Juror Act

26. The allegations in paragraph 26 of the Petition are petitioner's legal conclusions to which no answer is required.

27. The allegations in paragraph 27 of the Petition are petitioner's legal conclusions to which no answer is required.

28. The allegations in paragraph 28 of the Petition are petitioner's legal conclusions to which no answer is required.

29. The allegations in paragraph 29 of the Petition are petitioner's legal conclusions to

which no answer is required.

30. The allegations in paragraph 30 of the Petition are petitioner's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

### Relief Requested

The allegations in the eight (8) numbered and unnumbered paragraphs which appear directly following the heading "Relief Requested" are petitioner's prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Petition with petitioner taking nothing by way of damages, fees, or costs against the District.

The District further answers that all allegations in the Petition which are not specifically admitted or otherwise answered are hereby denied.

### THIRD DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### FOURTH DEFENSE

The Respondents and their agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, toward the petitioner in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

### FIFTH DEFENSE

Neither attorneys' fees nor costs are recoverable against the Respondents in this case.

**SIXTH DEFENSE**

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

DATE: November 26, 2007          Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/ Ellen A. Efros_____
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov