UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE MADISON,           ) | |
|            Plaintiff,           ) | |
|     v.                                  ) | Misc. Action No. 07-289 (RMC) |
| DISTRICT OF COLUMBIA,    ) | |
|            Defendant.          ) | |

**MEMORANDUM OPINION**

Defendant District of Columbia has asked the Court to reconsider or, in the alternative, to alter or amend its judgment that the District of Columbia violated the Jury System Improvements Act, 28 U.S.C. § 1875 ("Juror Act") when it terminated Christine Madison's employment with the Operations Department of the District of Columbia State Education Office ("SEO")[1] shortly after she had completed jury service in a six-month long trial. The Court will grant in part and deny in part the District's motion to amend judgment. Specifically, the Court will clarify its decision, will reduce the fine it imposed on the District to $1,000, in accordance with the provisions of the Juror Act prior to its amendment in late 2008, and will amend the January 23, 2009 Order to clarify (i) the meaning of the term "comparable position" and (ii) the terms of the permanent injunction against further violations of the Juror Act. The Court will deny the District's motion for reconsideration and request to stay the Court's Order in all other respects.

---

[1] This Office became the District of Columbia Office of State Superintendent of Education ("OSSE"), as of October 1, 2007. *See* Tr. I, 10:8-18.

## I. BACKGROUND

The Court assumes familiarity with its January 23, 2009 Memorandum Opinion, which contains an extensive discussion of the facts adduced at trial. *See generally Madison v. Dist. of Columbia*, 593 F. Supp. 2d 278 (D.D.C. 2009). The Court therefore repeats herein only the minimal background necessary for resolution of the motion at issue.

Ms. Madison was employed full-time as a Staff Assistant in the Operations Department of SEO from May 15, 2006 through June 14, 2007. Tr. I, 12:11-12; 15:11-12; 18:16-20; 43:13-15; Pl.'s Exs. 8, 10 & 11.[2] She was hired pursuant to a 13-month term appointment, as were four of the five other employees who were hired by SEO Operations around the same time. Stip. ¶¶ 3.a., 4.a., 6.a., 7.a. Ms. Madison received a summons from this Court in December 2006 or January 2007 calling her for jury service. Tr. I, 33:14-18; 123:9-13. She was selected, and served as a juror on a capital case in this Court from February 7 through June 6, 2007. When she returned to her job at SEO, she was informed that her 13-month employment contract would not be extended or renewed. *See* Tr. I, 175:19 - 176:6. The other four SEO Operations employees with 13-month term appointments had their contracts renewed. Tr. I, 179:22 - 180:1.[3]

Ms. Madison filed a Petition pursuant to the Juror Act on November 5, 2007, seeking an order reinstating her to employment with the District of Columbia, awarding her back wages and other benefits lost as a result of the SEO's actions in intimidating, coercing and wrongfully

---

[2] Trial was conducted on July 15 and 16, 2008. References are to Tr. I and Tr. II for each day's trial proceedings, followed by a page number and line number(s).

[3] The fifth employee had been given a four-year term appointment which expired on May 13, 2007. Tr. I, 97:1-11; Pl.'s Tr. Ex. 14A. His term appointment was extended for another thirteen months. Tr. I, 178:8-13; Stip. ¶ 5.b.

discharging her by reason of her federal jury service. *See* Pet. of Juror Christine Madison at 1 [Dkt. # 4]. The Court held a two-day bench trial on the merits from July 15 through July 16, 2008. After hearing the testimony and considering the parties' post-trial briefs and proposed findings of fact, the Court concluded that Ms. Madison qualified as a "permanent" employee under the Juror Act and that the District had separated her from employment because of her federal jury service. The Court therefore found that Ms. Madison was entitled to:

> reinstatement to employment with the District of Columbia government in the same or comparable position she would have held had she never been discharged; payment of all wages she would have received had she never been terminated; retroactive restoration of all employee benefits; and an order permanently enjoining the District of Columbia from committing any further Juror Act violations against Ms. Madison.

*Madison*, 593 F. Supp. 2d at 290. The Court also ordered the District to pay the reasonable costs of the suit and a $5,000 statutory penalty. *Id.* The District now files a motion for reconsideration, arguing that Ms. Madison's term appointment with SEO did not constitute "permanent" employment under the Juror Act, the civil fine imposed on the District is too large, and the permanent injunction is insufficiently detailed to put the District on notice of the conduct that is proscribed.

## II.  LEGAL STANDARDS

Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not

"simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

### III.  ANALYSIS

The Court concluded that Ms. Madison was a "permanent" employee entitled to the protection of the Juror Act, and that the District had violated the Juror Act when it declined to renew her term appointment.

#### A.     Ms. Madison was a Permanent Employee under the Juror Act

The District again argues that Ms. Madison was not a "permanent" employee under the Juror Act, but submits that the Court may have been led astray in its analysis by the parties' comparisons to "at-will" employees. That is not the case. The Court recognized that the literal definition of "permanent" is "continuing or enduring," or "not subject to fluctuation or alteration," Webster's Third New International Dictionary 1683 (2002), and that Ms. Madison's 13-month term appointment might not meet that definition in literal terms. However, the Court also recognized that the unequivocal purpose of the Juror Act was to provide "statutory protection to the employment status of federal jurors during the period of jury service." H.R. Rep. No. 95-1652, at 7 (1978); *cf. Crandon v. United States*, 494 U.S. 152, 158 (1990) ("In determining the meaning of the statute, we look not only to the particular language, but to the design of the statute as a whole and to its object and policy."). The Court found only that in this specific case, prior to the District's legislative clarification of its authority to convert "term appointments" to "at will" positions, Ms. Madison's term appointment was a "permanent" appointment for purposes of the Juror Act. The Operations

Department regularly renewed its term appointees; it renewed the other five term appointees who worked with Ms. Madison; and it was clear that Ms. Madison had been separated from her employment solely because she had served on a federal jury, and not because of underperformance or lack of need. Having considered the District's arguments regarding "permanence," the Court concluded that Ms. Madison's term appointment constituted a "permanent" position for purposes of the Juror Act on these particular facts. Thus, the Court reaffirms its holding that Ms. Madison was a "permanent" employee while employed at OSE, but clarifies that its decision is applicable only to the specific facts in this case.

### B.     Fine Amount

In its judgment, the Court directed the District to pay a statutory penalty of $5,000 pursuant to 28 U.S.C. § 1875(b)(3). The District points out that the Juror Act was amended in late 2008 to increase the maximum fine from $1,000 to $5,000. *See* Pub. L. 110-406, § 19 (Oct. 13, 2008), 122 Stat. 4295. The District also correctly notes that the fine imposed in this case should reflect the law in place at the time that the violation occurred, *i.e.*, on or about June 2007 when Ms. Madison's employment with SEO was terminated. *See*, *e.g.*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37 (2006). Accordingly, the Court will reduce the District's fine to $1,000.

### C.     Permanent Injunction

Finally, the District argues that the Court's "ordering the District to reinstate Ms. Madison, and the imposition of a permanent injunction, may be too broad—giving plaintiff relief to which she is not entitled, and potentially subjecting the District to contempt charges for unrelated actions." Mem. in Supp. of Def.'s Mot. for Reconsideration ("Def.'s Mem.") at 6 [Dkt. # 21]. The Juror Act provides that "[a]ny employer who violates the [Juror Act] . . . may be enjoined from

further violations of [the Juror Act]." 28 U.S.C. § 1875(b)(2).  Exercising the authority granted by Congress, the Court ordered that the District be "permanently enjoined from any further violations of the Jury System Improvements Act . . . against [Ms. Madison]." Jan. 23, 2009 Order [Dkt. # 20]. In its motion for reconsideration, the District submits that "[a]n injunction must be narrowly tailored to remedy the specific harm shown." *Nebraska Dep't of Health & Human Servs. v. United States Dep't of Health & Human Servs.*, 435 F.3d 326, 330 (D.C. Cir. 2006) (citations omitted).  Because there is no indication in the record that the District will commit another violation of the Juror Act against Ms. Madison in the future, the District argues that the broad prospective relief accorded by the injunction is unnecessary.  *See* Def.'s Mem. at 6-7.  In support of its position, the District cites several cases where courts refused to enjoin a defendant from future violations of law absent allegations that such future violations were imminent.  *See Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Fair Employment Council of Greater Wash., Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1273 (D.C. Cir. 1994); *Nader v. Democratic Nat'l Comm.*, 555 F. Supp. 2d 137, 151 (D.D.C. 2008). However, none of those cases involved the Juror Act or any other statute which expressly authorizes the courts to enjoin further violations of law.  Given the frequency with which D.C. residents are called for jury service, it is probable that Ms. Madison will serve again.  Under the statutory authority provided by Congress, an injunction is proper here.

Next, although the District acknowledges that Congress explicitly provided that a court may enjoin an employer from "further violations of [the Juror Act]" against a plaintiff, 28 U.S.C. § 1875(b)(2), it contends that the language used in the Order, which the Court quoted from the statute nearly verbatim, is too broad in that it does not put the District on notice of what specific conduct is proscribed.  The Court welcomes the District's request for clarification on this point, and

will amend the injunction to state that "Defendant is permanently enjoined from discharging, threatening to discharge, intimidating, or coercing Plaintiff by reason of Plaintiff's jury service in violation of the Jury System Improvements Act, 28 U.S.C. § 1875."

Finally, the District argues that the Court's Order requiring the District to reinstate Ms. Madison to a "comparable position" subjects the District to potential liability for contempt. The District notes that the District of Columbia Fiscal Year 2009 Budget Support Act of 2008, D.C. Law 17-219, effective Aug. 16, 2008, 55 D.C. Reg. 7602 (July 18, 2008), amended the District's personnel laws, giving current OSSE (non-union, non-supervisory) employees the option to accept "at will" status or decline it and separate from service. *See* D.C. Code § 1-608.01a(b)(2)(A)(i) ("a person appointed to a position within the Educational Service shall serve without job tenure" and employment may be terminated upon 15 days' notice). The District expresses concern that if Ms. Madison is separated from employment in the future because of her "at-will" employment status, the District may be subject to liability for contempt. The District's concerns are unfounded. Of course the District may terminate Ms. Madison's employment for any lawful reason; it simply may not retaliate against her or take other adverse employment action against her in violation of her statutory rights under the Juror Act (or any other employment law). Nevertheless, the Court will clarify its Order, as requested by the District.

As a last point, to account for the delay between the District's filing of its motion for reconsideration on February 6, 2009 and this Memorandum Opinion, the Court will grant the District until April 27, 2009 to reinstate Ms. Madison to a "comparable position" as fully described in the accompanying Order.

## IV.  CONCLUSION

For the foregoing reasons, the Motion for Clarification and/or Reconsideration will be granted in part and denied in part.  A memorializing order accompanies this Memorandum Opinion.


DATE: March 27, 2009

/s/
ROSEMARY M. COLLYER
United States District Judge